UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-221-GWU

BRITTA JEAN GRAY, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Disability Insurance Benefits (DIB). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

1

      in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

    Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

3

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The plaintiff, Britta Jean Gray, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of discogenic and degenerative disorders of the back, and a depressive disorder. (Tr. 10). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ concluded that Mrs. Gray retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 17-21). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age, education, and work experience could perform any jobs if she were limited to "light" level exertion, with the option of sitting or standing every 60 minutes, and also had the following non-exertional restrictions. She: (1) could not climb ladders, ropes, or scaffolds or crawl; (2) could occasionally stoop, climb, bend, and crouch; (3) could perform no work at heights, around vibrations, or around work hazards; (4) could not engage in production rate or quota jobs; and (5) was limited to simple instructions and precluded from work requiring more than occasional casual contact with others. (Tr. 59). The VE responded that there were jobs that

such a person could perform, and proceeded to give the numbers in which they existed in the state and national economies. (Tr. 59-60).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

The plaintiff alleged disability due to severe depression, back problems, and high blood pressure. (Tr. 107). Extensive medical records reflecting treatment for both physical and mental problems were submitted, including family health providers, Workers Compensation physicians, pain management specialists, and psychiatric and other mental health counselors. Crucially, the ALJ noted that Dr. Anita Cornett was a treating source (e.g., Tr. 11, 13). Dr. Cornett submitted a medical report indicating that she had seen the plaintiff "often," and had problems including obesity, reflux disease, lumbar pain, a history of depression, which was worsening over the past six months and was currently seeing a psychiatrist. (Tr. 336). The report limits Mrs. Gray to lifting no more than 10 pounds occasionally and 5 pounds frequently, to standing and walking no more than two hours in an eight-hour day, to sitting no more than two hours in an eight-hour day, in addition to having numerous postural and environmental restrictions. (Tr. 337-8). Psychologically, she was also said to have poor or no ability to deal with work stresses, function independently, and maintain attention and concentration. (Tr. 339).

Clearly, these restrictions are far in excess of those found by the ALJ, and would preclude full-time employment.  However, there is no mention of the Cornett report in the administrative decision.  The Sixth Circuit has ruled, in a similar case, that a complete failure to acknowledge the expert opinion of a treating source is a plain violation of the Commissioner's regulations at 20 C.F.R. § 404.1527(d)(2).  Bowen v. Commissioner of Social Security, 478 F.3d 742, 747 (6th Cir. 2007).  Section 1527(d) provides, among other things, that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."  In Bowen, the Sixth Circuit found that a complete failure to mention the treating source could not be considered harmless error, even when a claimant had little chance of prevailing on the merits of the case.  Bowen, 478 F.3d at 747-50.

Although the court recognizes that there might be a number of good reasons to discount the Cornett report, the procedural requirement of the Commissioner's own regulations require that they be enunciated in the administrative decision.

The plaintiff has presented two issues on appeal which will be dealt with briefly.  First, she alleges that the ALJ's evaluation of her complaints of subjective pain were inadequate.  However, the ALJ's discussion (Tr. 18) is fully compatible with the test in Duncan, supra, p. 4.  The plaintiff also asserts that her condition meets the Commissioner's Listing of Impairment 12.04, but she clearly failed to

meet her burden of showing that she met the requirements for the Listing, as set out in the ALJ's decision.  (Tr. 15-17).  <u>Evans v. Secretary of Health and Human Services</u>, 820 F.2d 161, 164 (6th Cir. 1987), <u>citing</u> 20 C.F.R. § 404.1520(d).  Accordingly, both of the plaintiff's arguments are without merit.

The decision will be remanded for further consideration of the treating source opinion, at which time the plaintiff may submit additional evidence if she chooses.

This the 30th day of April, 2010.

**Signed By:**
<u>**G. Wix Unthank**</u>
**United States Senior Judge**